IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DORA MUNIZ, mother and next friend
of Candy & Crystal Muniz, minors; and
CANDIDO MUNIZ, SR.,

                Plaintiffs,
  vs.                                                CIVIL NO.   01-190 WJ/LFG-ACE

RAUL MARTINEZ et al.,

                Defendants.

## **REPORT AND RECOMMENDATION**

On March 18, 2002, the parties, Dora Muniz, as mother and next friend of Candy Muniz and Crystal Muniz, minors, Candido Muniz, Sr., on his own behalf, as Plaintiffs, and the Defendants, participated in a Fed. R. Civ. P. 16 settlement conference. The parties' negotiations were successful and, subject to the Court's approval, this case was amicably resolved.

The lawsuit was brought by Candido Muniz, Sr., on his own behalf, and by the minors' mother, Dora Muniz, on their behalf, and arises out of an alleged illegal arrest and seizure of Mr. Muniz and the two minors by the Artesia Police Department and the Eddy County Sheriff's Department.

The Plaintiffs contend that they were arrested without a warrant, were all handcuffed, and detained, and that the minor children were transported to the scene of a crime for a "show up," all in violation of their constitutional rights.

The incident leading to the alleged unconstitutional conduct arose from a theft of beer from a convenience store during the early morning hours of March 14, 2000. The factual predicate which

follows is taken from the pleadings and counsel's presentations during the Rule 16 settlement conference. The individuals stealing the beer were identified by the store clerk as two Hispanic males and a corpulent or obese Hispanic female. The store clerk obtained a description of the individuals, the vehicle, and a license plate number, and police were summoned.

The Artesia Police located a vehicle fitting the description and pursued. A high-speed chase followed, but, ultimately, the fleeing car eluded police. The Eddy County Sheriff's office was also summoned, and both police agencies were looking for the vehicle. Based on the license plate information, the Artesia Police Department located the subject vehicle on South Sixth Street, across the street from the Plaintiffs' residence.

An intoxicated girl, seen at or near the vehicle, claimed that the vehicle belonged to her aunt who lived at 1006 Sixth Street, that the vehicle had just been driven by two boys, and that she was staying with her aunt at that residence. At approximately the same time, the police received information from another neighbor that two boys had been seen running from the vehicle into the residence at 1006 Sixth Street, which is the Plaintiffs' residence.

An Artesia police officer knocked at the door and spoke with Dora Muniz. The officer learned that the intoxicated girl was neither related to nor residing at the residence as she had claimed. Mrs. Muniz, who answered the door, also advised the police that only her husband and her three children were at the residence.

Police sought and obtained Mrs. Muniz' permission to enter the residence and search. Upon entering, the officer saw full beer cans on the floor and under the couch, and found beer packaging material hidden behind the couch. The brand of beer seen corresponded with the brand taken from the convenience store. When they entered some of the bedrooms, there were more people in the

2

rooms than Mrs. Muniz had indicated. Specifically, an individual named Jerry Flores was there in the bed with an obese Hispanic girl. Both Flores and his companion matched the descriptions given by the clerk. More beer cans were also found on the bed.

Candido Muniz, Sr., who did not fit the description of any of the thieves, was handcuffed and taken to a car outside the residence. Similarly, all of the juveniles, including Candido Muniz, Sr., Candy and Crystal Muniz, were handcuffed by the police and transported to the convenience store for a "show up" identification by the clerk. The store clerk positively identified Candido Muniz, Jr. and Jerry Flores as the two individuals who stole the beer. The clerk could not identify the others as having participated. Candido Muniz, Jr. and Jerry Flores were charged and detained. The other individuals, including Candy Muniz and Crystal Muniz, who were still handcuffed, were returned to their residence and released. The entire incident took less than one hour.

This lawsuit is brought on behalf of the two minor individuals, Candy and Crystal, who were handcuffed and transported, but not charged with any crime, and is also brought by Candido Muniz, Sr., who was handcuffed, put in a police car and detained for the approximate one hour until the minor girls were returned and released. None of the Plaintiffs suffered any physical injury, and no special damages are claimed. Plaintiffs seek damages for the alleged constitutional violation, emotional harm and attorney fees.

Defendants filed a motion for summary judgment based on qualified immunity, arguing that from the standpoint of a reasonably objective police officer, the seizure, detention and transportation of the Plaintiffs was reasonable. Plaintiffs, on the other hand, contend that there is no qualified immunity, that the seizure, detention and transportation was in violation of the Plaintiffs' rights.

By the parties' joint agreement, pending completion of discovery, a response in opposition to the motion was not filed. Both parties recognize the risks of litigation, the inherent delays and costs, and have determined that a negotiated resolution was appropriate. Without admitting liability and for business and economic purposes, the Defendants offered $7,500, which figure was deemed acceptable by the Plaintiffs. Of that $7,500, $5,000 is apportioned equally between the two minors. It is this portion of the settlement that requires the Court's approval.

Factors that motivated Plaintiffs to settle include a pending defense motion for summary judgment. The evidence available to the officers at the time of the incident included the following: (1) a crime had occurred, and the clerk identified the assailants as two Hispanic juveniles and one over-weight Hispanic female juvenile; (2) the clerk obtained a description of the vehicle, including a license plate number; (3) the Artesia Police located a vehicle matching the description and engaged in a high-speed chase until the vehicle eluded the officers; (4) the vehicle was subsequently located at or near the Plaintiffs' residence, and an individual at the scene indicated that the vehicle belonged to the Plaintiff, that the Plaintiff resided at 1006 South Sixth Street, and that two boys were driving the vehicle; (5) another witness advised police that two males ran from the subject vehicle into the Plaintiffs' house; (6) the officers obtained consent to enter and to search, and during the course of the search, found beer and beer packaging matching the brand of beer stolen at the store; (7) Dora Muniz advised that only her husband and three children were present in the residence, and the statement was incorrect; (8) Dora Muniz had no knowledge where the beer found in her home came from; (9) Jerry Flores and his girlfriend, and Candido Muniz, Jr. matched descriptions given by the clerk; (10) Jerry Flores misidentified himself to police; and (11) the clerk positively identified Jerry Flores and Candido Muniz, Jr. as those involved in the crime.

4

The factors that motivated Defendants to settle were that: (1) this was a misdemeanor investigation and arrest; (2) the misdemeanor was not committed in the presence of the officers and the officers had no warrant for the arrest of the individuals; (3) the officers seized, handcuffed, detained or transported all individuals, including those who did not fit the physical description of any of the individuals involved in the robbery; (4) none of the Plaintiffs were free to leave and were all under arrest; (5) a "show up" of this nature may have been improper as it is unduly sugestive; (6) the City of Artesia settled the constitutional claims against them, and City officers testified that Defendant Martinez was in charge of the investigation and that they had acted at his direction to remove Candido Muniz, Sr. from the house and to handcuff, detain and transport the minors to the convenience store; and (7) charges against Jerry Flores and Candido Muniz, Jr. were ultimately dismissed when the clerk subsequently stated he could not be sure of his identifications.

Based on the conflicting evidence, the costs and potential delays, and the risks for both sides, and, further, given the fact that the Plaintiffs are unable to demonstrate any damages, apart from the constitutional violations and the emotional turmoil resulting from the middle-of-the-night incident, the parties agreed to settle each of the three claims for $2,500, for a total settlement of $7,500, including costs and attorney fees.

Counsel for both parties recommend that the settlement be approved. Based on the Magistrate Judge's own assessment, and given the risks of the motion for summary judgment, the anticipated costs of litigation, and the uncertainty of the outcome, a settlement in the amount of $2,500 per Plaintiff is fair and reasonable.[1] Accordingly, the Magistrate Judge recommends that the

---

[1] Dora Muniz and Candido Muniz, Sr. have both been advised and understand that the $2,500 allotted for each child is the sole and separate property of each child. The net proceeds may only be used for the benefit of the children, including their care, maintenance and education.

settlement for the minors be approved.

The parties have been advised of their right to object to this recommendation, but have indicated that they will not object and will fax statements to the Court requesting approval.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge